**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                     Case No. 03-80881

KELVIN DEROY RILEY,

      Defendant.

_____/

### ORDER DENYING DEFENDANT'S "MOTION FOR REDUCTION OF SENTENCE"

Before the court is Defendant Kelvin Riley's "Motion for Reduction of Sentence" pursuant to 18 U.S.C. § 3582(c)(2), based on the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), and Amendment 750 to the United States Sentencing Guidelines.[1]  At the direction of the court, the Government filed a response, in which it argues that Defendant is ineligible for a reduction under § 3582(c)(2) because he was sentenced as a repeat drug offender under the statutory mandatory minimum.  For the reasons stated below, the court will deny the motion.

Defendant, following the court's acceptance of a Federal Rule of Criminal Procedure 11 plea agreement, was convicted of possession with intent to distribute over 200 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1).  Prior to his plea, the Government filed a notice, pursuant to 21 U.S.C. § 851(a), to enhance

---

[1]Amendment 750 re-promulgates as permanent the emergency and temporary revisions contained in Amendment 748.  U.S. Sentencing Guidelines Manual app. C, amend. 750 (2011).  Amendment 748 generally lowers the base offense levels applicable to unlawful manufacturing, importing, exporting, or trafficking of cocaine base.  *See id.* amend. 748.

Defendant's sentence based upon two antecedent drug convictions. (Gov't's Notice

Penalty Enhancement, Dkt. # 23.) As a result of Defendant's prior drug convictions, the

Probation Office calculated Defendant's minimum statutory guideline sentence to be life

in prison. Had Defendant not been subject to a mandatory minimum sentence of life

imprisonment, the Probation Office indicated that Defendant's guideline range would

have been 135 to 168 months. Prior to sentencing, the Government filed a motion,

pursuant to 18 U.S.C. § 3553(e), recommending a downward departure from the

mandatory term of life imprisonment based upon Defendant's substantial assistance.

The court granted the motion and sentenced Defendant to a term of imprisonment of

216 months.

A district court may not modify a defendant's sentence absent express

authorization by Congress. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir.

2009). Congress has granted such authorization in 18 U.S.C. § 3582(c)(2), which

states that a district court has the discretion to reduce the sentence of a defendant "who

has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission . . . after considering the

factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a

reduction is consistent with applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(2). "In § 1B1.10 of the Guidelines, the Sentencing

Commission has identified those amendments that may be applied retroactively

pursuant to [§ 3582(c)(2)] and has also articulated the proper procedure for

implementing the amendment in a case already concluded." *Johnson*, 564 F.3d at 422.

Section 1B1.10 of the Sentencing Guidelines provides, in part:

(a) Authority.—

> (1) *In General.*—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) *Exclusions.*—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if-
>
>> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> . . .
>
> (c) Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, and 750 (parts A and C only).

U.S.S.G. § 1B1.10(a), (c).

In the instant case, Defendant's sentence was based on a statutory mandatory minimum term of life imprisonment, not on a Guidelines range that was subsequently reduced by Amendment 750. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence."); *see also* *Johnson*, 564 F.3d at 423 ("Where a mandatory minimum sentence exceeds the otherwise applicable Guidelines range[,] . . . it replaces that Guidelines range."). Because Defendant's sentence was based on the mandatory minimum sentence

imposed by 21 U.S.C. § 841(b)(1)(A), Amendment 750 "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a). Therefore, the court lacks the authority to modify Defendant's sentence. *See United States v. Richardson*, 413 F. App'x 784, 786 (6th Cir. 2011) ("The law is clear that defendants sentenced under statutory mandatory minimums are not eligible for 18 U.S.C. § 3582(c) relief."); U.S.S.G. § 1B1.10 cmt. n.1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) . . . if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."). Accordingly,

IT IS ORDERED that Defendant's "Motion for Reduction of Sentence" [Dkt. # 39] is DENIED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 27, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 27, 2012, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522